UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Peter Terry; Elaine Terry;
and Gary Campbell, on behalf of
themselves and all others
similarly situated,
    Plaintiffs

   v.                                         Civil No. 06-cv-288-SM
                                            Opinion No. 2007 DNH 025
Chicago Title Insurance Company,
    Defendant


**O R D E R**

In June of 2006, plaintiffs filed this class action suit against Chicago Title Insurance Company in state court. Subsequently, invoking the provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), Chicago Title removed the action to this court. Plaintiffs move the court to remand the proceeding to state court. Chicago Title objects.

**Discussion**

I.   The Burden of Proof.

The Class Action Fairness Act ("CAFA") provides, in pertinent part, that the "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

interest and costs." 28 U.S.C. § 1332(d)(2).  Although the statute makes no reference to which party bears the burden of establishing the requisite amount in controversy, Chicago Title asserts that the statute imposes on plaintiffs, as the parties seeking remand, the obligation to demonstrate that the amount in controversy is less than $5,000,000.

In support of its position, Chicago Title points to a portion of CAFA's legislative history, in which a group of thirteen senators expressed the following opinion:

> If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that removal was improvident (i.e., that the applicable jurisdictional requirements are not satisfied).  And if a federal court is uncertain about whether "all matters in controversy" in a purported class action "do not in the aggregate exceed the sum or value of $5,000,000," the court should err in favor of exercising jurisdiction over the case.

Defendant's memorandum (document no. 7) at 5 (quoting S. Rep. No. 109-14 at 42-44 (2005)).  As Chicago Title notes, a few district courts have embraced the view that, despite its silence on the issue, CAFA should be construed as departing from the usual rule in this area and imposing on a plaintiff seeking remand the burden of demonstrating that federal jurisdiction is lacking.  This court is unpersuaded.

It has long been firmly established that a party invoking a federal court's subject matter jurisdiction – regardless of whether it is a plaintiff who initially files federally, or a defendant who has removed an action from state court – bears the burden of demonstrating jurisdiction.  See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Nothing in the text of CAFA suggests that Congress intended to depart from that well-established principle.  The contrary views of some senators, as expressed in the Congressional Record, are insufficient to erase years of firmly-rooted judicial precedent, absent some indication in the statute itself that Congress intended that result.  That point was articulately expressed by Judge Easterbrook who, joined by Judges Posner and Rovner, noted:

> That the proponent of jurisdiction bears the risk of non-persuasion is well established.  Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction.  And the rule makes practical sense. . . . When the defendant has vital knowledge that the plaintiff may lack, a burden that induces the removing party to come forward with the information – so that the choice between state and federal court may be made accurately – is much to be desired.
>
> [Plaintiff] maintains that the Class Action Fairness Act reassigns that burden to the proponent of remand. It does not rely on any of the Act's language, for none is even arguably relevant.  Instead it points to this language in the report of the Senate Judiciary

3

> Committee . . . [That] passage does not concern any text in the bill that eventually became law.  When a law sensibly could be read in multiple ways, legislative history may help a court understand which of these received the political branches' imprimatur.  But when the legislative history stands by itself, as a naked expression of "intent" unconnected to any enacted text, it has no more force than an opinion poll of legislators – less, really, as it speaks for fewer.  Thirteen Senators signed this report and five voted not to send the proposal to the floor.  Another 82 Senators did not express themselves on the question; likewise 435 Members of the House and one President kept their silence.
>
> We recognize that a dozen or so district judges have treated this passage as equivalent to a statute and reassigned the risk of non-persuasion accordingly.  But naked legislative history has no legal effect, as the Supreme Court held in Pierce v. Underwood, 487 U.S. 552, 566-68 (1988).  A Committee of Congress attempted to alter an established legal rule by a forceful declaration in a report; the Justices concluded, however, that because the declaration did not correspond to any new statutory language that would change the rule, it was ineffectual.  Just so here.  The rule that the proponent of federal jurisdiction bears the risk of non-persuasion has been around for a long time.  To change such a rule, Congress must enact a statute with the President's signature (or by a two-thirds majority to override a veto).  A declaration by 13 Senators will not serve.

Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447-48 (7th Cir. 2005) (citations omitted).

Moreover, this court (DiClerico, J.) recently agreed with the view embraced by the Seventh Circuit and held that, "[d]espite the new requirements under the Class Action Fairness

4

Act, the burden remains on the defendant in a removed case to establish that federal subject matter jurisdiction exists." Scott v. First Am. Title Ins. Co., 2007 DNH 007, 2007 WL 135909 at *1 (D.N.H. Jan. 17, 2007).  Chicago Title has not pointed to any principled reason to depart from the court's holding in Scott and, therefore, bears the burden of establishing that federal subject matter jurisdiction exists over plaintiff's claims.

II.   Federal Subject Matter Jurisdiction is Lacking.

Chicago Title acknowledges that it cannot reliably "determine the amount placed in controversy by plaintiffs' allegations in this action."  Affidavit of Jeffrey B. Pallin, Vice President of Chicago Title (document no. 7-2) at para. 3. In their original state court writ, plaintiffs alleged that a reasonable estimate of their damages was in the "range of $1-2 million."  Writ of Summons (document no. 1, Exh. 1) at para. 11. While plaintiffs acknowledge that Chicago Title asserts (without any reliable bases) that the amount in controversy exceeds $5 million, they specifically note, in their second amended complaint, that they "dispute defendant's jurisdictional allegations."  Id. at para. 17.

In summary, then, Chicago Title has expressly stated that it cannot accurately determine whether the amount in controversy in this case exceeds $5 million. Plaintiffs, on the other hand, specifically deny that it does, suggesting that a reasonable estimate of their damages is in the range of $1 to $2 million. Plainly, Chicago Title has failed to carry its burden of proof and the matter must be remanded to state court. Chicago Title's assertions to the contrary are unavailing and its reliance on the Scott opinion is misplaced.

In Scott, after the matter was removed from state court, plaintiffs filed an amended complaint in which they specifically alleged that the amount in controversy exceeded $5 million. See Scott v. First Am. Title Ins. Co., Case. No. 06-cv-286, Second Amended Complaint (document no. 13), at para. 17 ("the matter in controversy exceeds $5 million, exclusive of interest and costs"). When plaintiffs subsequently moved the court to remand the matter to state court, alleging that the amount in controversy likely failed to exceed the jurisdictional limit set by CAFA, the court held them to the representations made in their amended complaint. Accordingly, it concluded that it could properly exercise subject matter jurisdiction over plaintiffs'

complaint and that the matter had been properly removed from state court.

In this case, however, the plaintiffs have not alleged that the amount in controversy exceeds $5 million; in fact, they have consistently insisted that the amount in controversy is far less. The facts in Scott are, then, plainly distinguishable. Chicago Title does not surrender lightly. It points to factual allegations concerning the amount in controversy that were made in yet another case – Campbell v. Chicago Title Insurance, Case No. 06-cv-246-SM – and says the Campbell case "was expressly formulated to invoke and did invoke this Court's subject matter jurisdiction under [CAFA], and [this case] now appears to have been expressly formulated to foreclose this Court's subject matter jurisdiction under the CAFA. Since the class defined and the relief sought in the two actions were identical, the amount in controversy must have been identical." Defendant's memorandum at 1.

Chicago Title's logic is sound, but the conclusion it draws from the evidence presented is not. What Chicago Title fails to discuss is the fact that counsel for the plaintiffs in the Campbell case withdrew that complaint and dismissed the action

when, upon further investigation, he concluded that the amount in controversy likely did not exceed $5 million and, therefore, federal subject matter jurisdiction was lacking. He made that point clear in an affidavit submitted in this case:

> I was counsel for plaintiff and the proposed class in <u>Campbell v. Chicago Title Ins. Co.</u>, 06-cv-246-SM. On behalf of Mr. Campbell, I voluntarily dismissed <u>Campbell</u> on August 2, 2006, when it became relatively clear to me that the federal court lacked jurisdiction because the amount in controversy almost certainly did not exceed $5 million.
>
> * * *
>
> Though this factual investigation is <u>still</u> ongoing, and though much of the facts and information needed to make a well-informed estimate of the actual amount in controversy remain known only to the defendant, nevertheless at this time plaintiffs are very comfortable with their conclusion that the aggregate amount in controversy almost certainly does <u>not</u> exceed $5 million.

Affidavit of Attorney Edward O'Brien (document no. 5-3) at paras. 4 and 8 (emphasis in original).

Thus, it would seem that Chicago Title is correct in one respect: the amount in controversy in this case and the related <u>Campbell</u> case is the same. But, contrary to Chicago Title's assertion, that amount in controversy appears to be substantially less than $5 million, or, more to the point, Chicago Title has not met its burden to establish otherwise. Absent evidence to

the contrary from Chicago Title – the party on whom the burden of proving the existence of federal subject matter jurisdiction rests – this matter must be remanded to state court.

## Conclusion

For the foregoing reasons, the court concludes that Chicago Title, as the party invoking this court's subject matter jurisdiction under CAFA, bears the burden of demonstrating that the amount in controversy exceeds $5 million.  It has failed to carry that burden.  Accordingly, this court lacks subject matter jurisdiction over plaintiffs' claims and this matter, having been improvidently removed, must be remanded to state court.

Plaintiffs' motion to remand (document no. 5) is granted. Defendant's motion to dismiss (document no. 10) is denied as moot.  The Clerk of Court shall remand this case to the Hillsborough County Superior Court, Northern District.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 28, 2007

cc: Edward K. O'Brien, Esq.
    Daniel E. Will, Esq.